Argued October 6, affirmed December 17, 1969

# JUCKELAND, *Respondent, v.* MILES & SONS TRUCKING SERVICE ET AL, *Appellants.*

462 P. 2d 668

*Hal F. Coe*, Klamath Falls, argued the cause and filed a brief for appellants.

*David R. Vandenberg, Jr.*, Klamath Falls, argued the cause for respondent. With him on the brief were H. F. Smith and Enver Bozgoz, Klamath Falls.

SLOAN, J.

Plaintiff received a jury verdict in this action for injuries he received in a collision between a vehicle he was driving and a truck and double trailer-rig driven by defendant Logan and owned by defendant Miles & Sons Trucking Service, a corporation. Defendants appeal.

The place of the accident was a 60° curve on State Highway 140 northwest of Klamath Falls. Plaintiff was proceeding in a westerly direction as he approached the curce. He was driving an International Travelall, towing a boat. Defendant Logan was driving the truck and trailers in the opposite direction around the curve. As the vehicles were passing the rear trailer of defendant's truck collided with the left front of plaintiff's vehicle.

The trial record consists of a mass of conflicting evidence including plats, measurements, opinions and mathematical computations by which each side endeavored to recreate the accident to prove that the other party's vehicle was on the wrong side of the road when the impact occurred. As a result there are sev-

eral assignments of error directed to the admission or rejection of evidence relating to measurements, opinions and estimates expressed or offered by various witnesses. Each assignment requires a reading of several pages of testimony to understand the basis for the trial court's ruling. It is a practical impossibility to copy that mass of testimony into this opinion to delineate each assignment. In making the challenged rulings the trial court was concerned with the particular witness's qualifications or his ability to have observed and formed an estimate. Each assignment involved the exercise of the trial court's judgment in passing on the qualifications of the experts or in screening the validity or basis of opinions and estimates expressed by the witnesses. *Ritter v. Beals et al*, 1961, 225 Or 504, 525, 358 P2d 1080, 1089. In each instance we are unable to find any error in the ruling made by the trial court.

■ Defendants place particular emphasis on the courts refusal to admit a model of the scene of the accident which was prepared to support defendants' mathematical computations to prove that plaintiff's vehicle was on the wrong side of the road. Defendants' brief, in speaking of the offered exhibit, states that "This rather complicated approach, based on the laws of physics, required Exhibit JJ to explain and demonstrate to the jury." Defendants' evidence in support of the offer of proof leads us to the conclusion, as it did the trial court, that the exhibit would have been more confusing than clarifying.

■ Other assignments complain because two witnesses, one a doctor and the other a state police officer, used the word "guess" in response to a question put to each of them. Other testimony by the witnesses dis-

closed that they were expressing an estimate or opinion founded on facts and not a guess. The choice of words used could have caused the jury to discount the opinion of the witnesses, it did not bar the admission of the testimony.

■ The remaining assignments are directed at instructions given. The assignments do not charge that the court incorrectly stated the law to the jury. It is claimed that some instructions were repetitious or related to matter not in issue. The assignments are not well taken.

We find no error in any of the assignments and the judgment is affirmed.